SUMMARY ORDER

Petitioner Ming Hua Chen, a native and citizen of China, seeks review of the October 31, 2008 order of the BIA affirming the February 10, 2000 decision of Immigration Judge (“IJ”) Robert D. Weisel denying his application for asylum and withholding of removal. In re Ming Hua Chen, No. A 076 280 025 (B.I.A. Oct. 31, 2008), aff'g No. A 076 280 025 (Immig. Ct. N.Y. City Feb. 10, 2000). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an independent decision on remand from this Court, we review the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Where an asylum applicant bases his claim on persecution suffered or feared pursuant to China’s coercive population control program, but has not himself undergone a forced sterilization procedure, the agency examines whether the applicant: (i) “resisted” China’s coercive population control program, (ii) suffered or has a well-founded fear that he will suffer persecution at the hands of the Chinese Government, and (iii) can show that such persecution was or will be inflicted “on account of’ his resistance to the coercive population control program. See Matter of J-S-, 24 I. & N. Dec. 520, 542 (B.I.A. 2008); see also Shi Liang Lin v. Gonzales, 494 F.3d 296, 312-13 (2d Cir.2007). Having reviewed Chen’s claim on remand, *624 the BIA concluded that “the facts presented here do not support the conclusion that [Chen’s] involvement in the altercation at his mother-in-law’s [house] was motivated by his resistance to China’s family planning policfy].” The BIA further explained that Chen’s act of “merely coming to the defense of his mother-in-law in an effort to thwart her attackers and stop the theft of her possessions does not constitute an act of resistance under the family planning laws.”
The BIA has found that “the term ‘resistance’ covers a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law.” Matter of S-L-L- 24 I. & N. Dec. 1, 10 (BIA 2006), overruled in part on other grounds by Matter of J-S-, 24 I. & N. Dec. 520 (A.G.2008). In his brief before this Court, Chen argues that the BIA “erred in overlooking” that he had a “mixed motive” to: (1) protect his mother-in-law from being harassed; and (2) interfere with family planning officials’ enforcement of their policy. This argument is unavailing. As the BIA noted, Chen testified that after he saw his mother-in-law fighting with someone who he “thought maybe” was a family planning official, he became angry and intervened by pushing the individual and, as a result, was beaten by several officials. Even if a reasonable factfinder could conclude that Chen had various motives for becoming involved in the altercation, we are unable to find that the BIA erred in concluding that Chen’s was not an act of resistance. See Xian Tuan Ye v. Dep’t of Homeland Security, 446 F.3d 289, 294 (2d Cir.2006) (“our review does not permit us to engage in an independent evaluation of the cold record or ask ourselves whether, if we were sitting as fact finders, we would credit or discredit an applicant’s testimony”).
Chen also argues that even assuming he was not motivated to resist the family planning policy, a plain reading of the language in Matter of J-S-, 24 I. & N. Dec. at 520, indicates that an applicant is not required to show his own motivation, but is only required to show “persecution for ‘other resistance.’ ” However, this argument ignores the requirement that an applicant show both an act of resistance and persecution (or a well-founded fear of persecution) on account of that act. See Matter of J-S-, 24 I. & N. Dec. at 542.
Because the BIA reasonably found that Chen had not suffered past persecution and did not have a well-founded fear of future persecution, it properly denied his application for asylum and withholding of removal. See Shi Liang Lin, 494 F.3d at 312-13 (citing 8 U.S.C. § 1101(a)(42)).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).